David A. Chami, AZ #027585
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
P: 818-600-5515
F: 866-401-1457
E: david@pricelawgroup.com
Attorneys for Plaintiff,
Mark Malerich

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Malerich,<br><br>    Plaintiff,<br><br>v.<br><br>USAA Federal Savings Bank,<br><br>    Defendant | Case No.:<br><br>**COMPLAINT AND JURY DEMAND**<br>  1. TCPA, 47 U.S.C. §227<br>  2. Intrusion Upon Seclusion |

## **COMPLAINT FOR DAMAGES**

Plaintiff, Mark Malerich ("Plaintiff"), through his attorneys, alleges the following against USAA Federal Savings Bank ("USAA" or "Defendant"):

## **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; therefore, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in the Maricopa County, Arizona

7. Defendant USAA is a banking institution engaged in the business of giving credit and collecting debt, with its principal place of business located in San Antonio, Texas. Defendant can be served at 9800 Fredericksburg Rd., San Antonio, Texas 78288.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

//

## **FACTUAL ALLEGATIONS**

9. Beginning in or around September 2019, USAA began attempting to collect a debt allegedly owed by Mr. Malerich.

10. The debt is an obligation or alleged obligation to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

11. On or about September 17, 2019, Mr. Malerich answered a call from USAA and spoke with a representative.

12. After picking up the call, Mr. Malerich noticed an unusually long delay and recalls hearing a series of clicks, beeps or tones before the representative began speaking, consistent with the use of an automatic dialing system.

13. The representative informed Mr. Malerich that USAA was attempting to collect an alleged debt.

14. After going through the identification process, Mr. Malerich informed the representative that he did not have money to pay at the time.

15. Mr. Malerich instructed the representative to only communicate with him by mail moving forward and that he would contact USAA once he was able to make a payment.

16. Despite Mr. Malerich expressly informing USAA not to call him and that he could not pay at the time, USAA began a harassment campaign by calling Mr. Malerich on his cellular phone relentlessly for six months, including on the weekends.

17. The calls originated from (800) 531-8722, which is owned or operated by USAA.
18. Between April 4 and September 25, 2019, USAA called Mr. Malerich on his cellular phone approximately **ONE HUNDRED AND SEVENTY-FIVE (175) times** after Mr. Malerich requested for the calls to cease.
19. USAA called Mr. Malerich almost every day, including the weekends.
20. USAA called Mr. Malerich several times a day on a regular basis, and up to five (5) times in one day.
21. Upon information and belief, USAA also called or texted, or attempted to call or text friends and family of Mr. Malerich with the intention that they would communicate to him that USAA was attempting to collect a debt from him, causing Mr. Malerich additional embarrassment and distress.
22. Upon information and belief, USAA called Mr. Malerich and delivered prerecorded or artificial voice messages.
23. Upon information and belief, USAA's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.
24. USAA's intrusion upon Plaintiff's seclusion was highly offensive to the reasonable person and exceeded reasonable collection efforts. USAA's conduct was especially unreasonable because it called relentlessly shortly after Mr. Malerich explained that he did not have money to repay and expressly revoked consent to be called.
25. USAA's conduct was not only knowing and willful but was done with the intention of causing Mr. Malerich such distress, so as to induce him to pay the debt or somehow pay more than he was able to.

26. USAA is familiar with the TCPA.

27. Each and every one of USAA's telephone calls caused Mr. Malerich distraction and temporary loss of use of his telephone line.

28. As a result of USAA's conduct, Mr. Malerich has sustained actual damages including but not limited to, stress, anxiety, embarrassment, anguish, severe emotional and mental pain.

### COUNT I
### Violations of the TCPA, 47 U.S.C. §227

29. Plaintiff incorporates by reference the paragraphs one (1) to twenty-eight (28) as fully stated herein.

30. USAA violated the TCPA. USAA's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, USAA violated TCPA 47 U.S.C. §227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, USAA willfully and/or knowingly contacted Plaintiff on

his cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, USAA knowing and/or willfully violated the TCPA.

31. As a result of USAA's violations of 47 U.S.C. §227, Plaintiff is entitled to declaratory judgment that USAA's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages for each and every negligent violation, pursuant to 47 U.S.C. §227(b)(3)(B). If the Court finds that USAA knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

## COUNT II
### Invasion of Privacy – Intrusion Upon Seclusion

32. Plaintiff incorporates by reference the paragraphs one (1) to twenty-eight (28) as fully stated herein.

33. Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

34. USAA violated Plaintiff's privacy. USAA's violations include, but are not limited to, the following:

   a. USAA intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite Plaintiff's

request for the calls to cease.

    b. The number and frequency of the telephone calls to Plaintiff by USAA after a request(s) for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

    c. USAA's conduct would be highly offensive to a reasonable person as Plaintiff received countless calls that often interrupted and occupied his phone line.

    d. The frequency and volume of USAA's calls were harassing to Plaintiff.

35. USAA's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Mark Malerich hereby demands a trial by jury of all issues triable by jury.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Mark Malerich respectfully requests judgment be entered against USAA Federal Savings Bank for the following:

    A. Declaratory judgment that USAA violated the TCPA;

    B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

    C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C.

§227(b)(3)(C);

D. Actual and punitive damages resulting from the invasion of privacy;

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

F. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 31st day of July 2020.

**PRICE LAW GROUP, APC**

By: */s/ David A. Chami*
David A. Chami, AZ #027585
PRICE LAW GROUP
8245 N. 85th Way
Scottsdale, AZ 85258
david@pricelawgroup.com
T: (818) 600-5515
F: (818) 600-5415
*Attorneys for Plaintiff*
*Mark Malerich*